IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States, | ) | |
| | ) | Case No.: 4:21-cv-04024-JD |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Conway Pediatrics PA and Lynda Courtney, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Plaintiff United States ("United States" or "Plaintiff") brought this action against Conway Pediatrics PA and Lynda Courtney ("Defendants") under I.R.C. § 7402, to permanently restrain and enjoin Defendants from continuing to incur employment and unemployment tax liability, and otherwise violating or interfering with the administration of the internal revenue laws. (DE 1.)

On April 26, 2022, Plaintiff filed a Motion for Final Default Judgment (DE 11) because Defendants failed to appear, answer, plead, or otherwise defend this action, and the Clerk of Court entered a default on March 4, 2022 (DE 10). Subsequently, on August 30, 2022, the Magistrate Judge issued the Report, recommending Plaintiff's Motion for Final Default Judgment (DE 11) be granted. (DE 43.) Plaintiff filed no objections to the Report and Recommendation. In the absence

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that the United States' Motion for Final Default Judgment (DE 11) is granted.

It is further **ORDERED** that the United States is granted a Permanent Injunction against Defendants Conway Pediatrics PA and Lynda Courtney:

1. Prohibiting Defendants and their representatives, agents, servants, employees, attorneys, successors in interest, and assigns, and anyone in active concert or participation with any of the above, from failing to withhold and pay over to the IRS all employment taxes, including federal income, FICA, and FUTA taxes, required by law;

2. Requiring Defendants to segregate (*i.e.*, hold separate and apart from all other funds) all monies withheld from employees or collected from others for taxes under any internal revenue law of the United States and to deposit, every two weeks, the monies so withheld and collected, as well as the employer's share of FICA and FUTA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

3. Requiring Defendants, and any other individuals responsible for carrying out the duties established under paragraphs (1) and (2) above for five years, to sign and deliver affidavits to the IRS, at a specific location as directed by the IRS, by the twentieth day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

4. Requiring Defendants to file timely and accurate employment tax returns (Forms 941 and 940);

5. Requiring Defendants to timely pay all required outstanding liabilities due on each tax return required to be filed;

6. Prohibiting Defendants and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with any of the above, from assigning any of Defendant Conway Pediatrics' property or rights to Defendant Conway Pediatrics' property, or making any disbursements from Defendant Conway Pediatrics' accounts before paying all required outstanding liabilities due on each tax return required to be filed going forward from the date of the injunction; and

7. Requiring Defendant Courtney to notify the IRS of her future employment tax conduct regarding any new or unknown company, including the imposition of an affirmative duty upon Defendant Courtney, the principal officer, to notify the IRS (through a specific employee as directed by the IRS) of any new company she may come to own, manage, or work for in the next five years.

The Clerk of Court shall enter judgment and close this case. As a part of the relief sought by the United States, should it become necessary, the Court may retain jurisdiction over this case to

ensure compliance with this Judgment of Permanent Injunction. The United States may conduct post-judgment discovery to monitor Defendants' compliance.

**IT IS SO ORDERED.**

*[Signature]*
Joseph Dawson, III
United States District Judge

November 2, 2022
Florence, South Carolina